UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE OF INDIANA,<br><br>    Plaintiff,<br><br>    v.<br><br>EUGENE LATECE COHILL,<br><br>    Defendant. | Case No. 2:25-CV-00336-GSL-AZ |

## OPINION AND ORDER

On July 28, 2025, Eugene Cohill, proceeding pro se, filed a Notice of Removal and paid the filing fee. [DE 1]. It seems that Cohill is attempting to remove a criminal matter from Indiana state court under 28 U.S.C. § 1443(1). [*Id.*, at 1]. For the reasons below, the matter is remanded.

Title 18 U.S.C. § 1443 provides that a criminal prosecution may be removed from state court. Procedurally, a defendant desiring to remove a criminal prosecution must file (1) a notice of removal that concisely and plainly states the grounds for removal, and (2) a copy of all process, pleadings, and orders served upon the removing defendant. 28 U.S.C. § 1455(a). The notice must be signed pursuant to Federal Rule of Civil Procedure 11. *Id.* "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds[.]" 28 U.S.C. § 1455(b)(2). Once the notice is filed, the United States district court must examine the notice promptly. 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* If the court does not order a summary remand, it must promptly hold an evidentiary hearing and determine whether removal shall be permitted. 28 U.S.C. § 1455(b)(5).

Though Cohill's notice was timely filed, it lacks a short plain statement of the grounds for removal. From what the Court can discern, it appears that Schererville police officers initiated a traffic stop of Cohill that resulted in several criminal charges. *See* [DE 1]. Though he recites the text of several removal statutes, Cohill relates no facts to those claimed bases of federal jurisdiction. [*Id.*, at 1]. However, understanding that pro se filings are to be construed liberally, the Court read the filing as a whole in an effort to find grounds for removal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). After conducting such a reading, the Court is unable to find anything supporting federal jurisdiction, let alone an evidentiary hearing. At best, it appears that Cohill bases his removal on his view that the Town of Schererville does not have jurisdiction over him, "a private living breathing soul," and "ecclesiastical authority and international personality."[1] [DE 1, at 1]. These descriptions are consistent with someone claiming to be a sovereign citizen. *See Dorsey v. City of Chicago*, 2025 WL 327425, n. 17 (N.D. Ill. Jan. 28, 2025) (explaining that term "private American national . . . appears to be a version of the well-worn 'sovereign citizen' theory, in which litigants argue that they cannot be subjected to state (or sometimes, federal) jurisdiction without their consent."); *Bey v. State*, 847 F.3d 559, 559-60 (7th Cir. 2017) (affirming a dismissal of a case brought by someone claiming to be a sovereign citizen). Such descriptions make clear to this Court that removal should not be permitted, and the case must be summarily remanded. *See* 28 U.S.C. § 1455(b)(4).

Accordingly, the Court **ORDERS A SUMMARY REMAND** of the matter back to Indiana state court.

---

[1] Descriptors like these are included throughout the filing. *See, e.g.*, [DE 1, 8-12] (several affidavits that seemingly confer jurisdiction upon Cohill because he is an ecclesiastical emissary of the "Kingdom of Uudah.").

SO ORDERED.

ENTERED: July 30, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court